**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ANNA BRESS,

      **Plaintiff,**

vs.                                                                  No. CIV 10-1250 RB/DJS

**ALBUQUERQUE POLICE OFFICERS,**
**BRANDON CARR,**
**BERNALILLO COUNTY DEPUTY SHERIFF**
**M. RIVAS,**
**CITY OF ALBUQUERQUE,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on Defendant Rivas' Motion to Dismiss (Doc. 11), filed on January 18, 2011; Plaintiff's Motion to Convert Defendant Rivas' Motion to Dismiss into a Motion for Summary Judgment (Doc. 18), filed on February 2, 2011; Defendant Rivas' Motion to Dismiss Under the Doctrine of Qualified Immunity (Doc. 20), filed on February 5, 2011; Defendant Rivas' Motion for Rule 11 Sanctions (Doc. 34), filed on March 3, 2011; and Plaintiff's Opposed Motion for Extension of Time to File Response (Doc. 35), filed on March 3, 2011. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that the Motions to Dismiss should be granted, and the other Motions should be denied.

**I. Background.**

On November 24, 2010, Plaintiff Anna Bress[1] filed her original Complaint to Recover Damages for Deprivation of Civil Rights in the Second Judicial District Court of the State of New

---

[1] The First Amended Complaint changed the spelling of Plaintiff's first name from "Ana" to "Anna." (Doc. 8).

Mexico, under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. (Doc. 1-2). On December 29, 2011, Defendant Rivas removed the matter to federal court, pursuant to 28 U.S.C. §§ 1441, 1443, and 1446. (Doc. 1).

On January 6, 2011, Ms. Bress filed a First Amended Complaint, in which she explained that Defendant Miguel Rivas was a Deputy for the Bernalillo County Sheriff's Department, and not an officer with the Albuquerque Police Department. (Doc. 8). No additional factual allegations were included in the First Amended Complaint. (Doc. 8).

In her original Complaint, Ms. Bress alleged that, on September 17, 2009, she called the police and reported to the dispatcher that her former husband, Roque Candelaria, had battered her several times, "possibly including a 'back hand to the face,' or similar words." (Doc. 1-2 (Compl.) ¶¶ 5-6). Deputy Rivas was dispatched to 726 Arenal Road SW[2] in response to Ms. Bress' call. (Compl. ¶ 5). Upon arrival, Deputy Rivas spoke with Mr. Candelaria. (Compl. ¶ 7).

Mr. Candelaria informed Deputy Rivas that Ms. Bress and Mr. Candelaria were arguing over children living in the residence; and Ms. Bress wanted to kick Mr. Candelaria's son out of the home. (Compl. ¶ 8). Mr. Candelaria additionally stated that, while they were in bed, Ms. Bress slapped Mr. Candelaria's face and threw wine on Mr. Candelaria. (Compl. ¶ 9). Deputy Rivas observed wine stains on Mr. Candelaria's torso and on the bed. (Compl. ¶ 10). Deputy Rivas summoned an ambulance to assess Mr. Candelaria for injuries and high blood pressure. (Compl. ¶ 11).

Deputy Rivas questioned Ms. Bress, but she "feared additional injuries, and possibly death, if she continued to make accusations" against Mr. Candelaria. (Compl. ¶ 12). Deputy Rivas did not independently ascertain whether Ms. Bress had suffered any injuries or was in danger. (Compl. ¶

---

[2] The Complaint does not identify a city or state. However, the Court takes judicial notice that the addresses referenced in the Complaint are located in Albuquerque, New Mexico.

11).

Deputy Rivas interviewed Jacqueline Chavez, and fifteen-year-old Breana Chavez, at the scene.[3] (Compl. ¶ 15). Neither Jacqueline Chavez nor Breana Chavez had witnessed the fight. (Compl. ¶ 15). Breana Chavez was extremely upset and crying. (Compl. ¶ 15). Mr. Candelaria had previously asked Breana to call the police and report that Mr. Candelaria had been battered by Ms. Bress. (Compl. ¶ 16). Deputy Rivas concluded that Ms. Bress was not the victim of domestic violence and that Ms. Bress had battered Mr. Candelaria. (Compl. ¶¶ 13;17). Deputy Rivas placed Ms. Bress under arrest and charged her with battery on a household member. (Compl. ¶ 17).

Additionally in the Complaint, Ms. Bress alleges that Albuquerque Police Officer Brandon Carr responded to a domestic violence call at 9919 Lauren on April 4, 2011. (Compl. ¶ 18). Ms. Bress reported that: (1) Mr. Candelaria accused her of stealing a jointly-owned motorcycle; (2) Mr. Candelaria threw Ms. Bress to the ground; and, (3) Mr. Candelaria rode away on the motorcycle in violation of a protective order. (Compl. ¶¶ 19-21). Officer Carr attempted to contact Mr. Candelaria at 727 Arenal SW, but found no one at home. (Compl. ¶ 22). Officer Carr did not follow Ms. Bress' instructions to seek Mr. Candelaria at the home of his mother. (Compl. ¶ 23). Officer Carr issued a summons to Mr. Candelaria, did not arrest him, and charged him with misdemeanor crimes. (Compl. ¶¶ 24-25).

Ms. Bress included the following causes of action in her Complaint: Count I - wrongful arrest in violation of the Fourth Amendment, under 42 U.S.C. § 1983; Count II - wrongful prosecution, in violation of substantive due process, under Section 1983; Count III - unreasonable search of the home, in violation of the Fourth Amendment to the United States Constitution; Count IV - trespass, false arrest, and false imprisonment, under New Mexico law; and unreasonable search

---

[3] The Complaint does not further identify these individuals.

3

and seizure, in violation of the New Mexico Constitution; and, Count V - battery under New Mexico law based on the events of April 4, 2010. (Compl. ¶¶ 26-64). Ms. Bress seeks compensatory and punitive damages, interest, attorney's fees, and costs. (Compl.).

On March 2, 2011, Ms. Bress filed a Stipulation of Dismissal as to Count III. (Doc. 31).

## II.     Standard.[4]

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss for failure to state a claim. Under the Rule 12(b)(6) standard, the sufficiency of a complaint is a question of law. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Jordan-Arapahoe v. Bd. of Comm'rs of Arapahoe County*, 633 F.3d 1022, 1025 (10th Cir. 2011). In order to survive a 12(b)(6) motion to dismiss, a plaintiff must allege that "enough factual matter, taken as true, [makes] his 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [pleaded] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 1940 (2009); *see also Gee v. Pacheco*, 627 F.3d 1178, 1182–83 (10th Cir. 2010). The Court must "assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

The complaint need not recite "detailed factual allegations, but the factual allegations must

---

[4] Ms. Bress attached documents to her response and filed a motion to convert the motion to dismiss to a motion for summary judgment. Deputy Rivas opposed this request. The decision of whether to convert a motion to dismiss into a motion for summary judgment is entirely within the Court's discretion. *See Lybrook v. Farmington Sch. Bd.*, 232 F.3d 1334, 1341 (10th Cir. 2000). In that the documents are irrelevant to the issues at hand concerning the sufficiency of the Complaint, the Court declines to convert the motion to one for summary judgment and excludes Plaintiff's exhibits from consideration. *See, e.g., Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005) (matters outside the complaint may not be considered unless the motion to dismiss is converted to one for summary judgment).

be enough to raise the right to relief above the speculative level." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949; *see also Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010).

### III.   Discussion.

#### A.   Defendant Rivas is entitled to qualified immunity[5] on Count I and Count II.

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights. 42 U.S.C. § 1983. "Although § 1983 created a species of tort liability that on its face admits of no immunities, the Supreme Court has recognized that government officials are entitled to some form of immunity from suits for civil damages. *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) and *Nixon v. Fitzgerald*, 457 U.S. 731, 744 (1982)). As a result, "government officials performing discretionary functions enjoy qualified immunity from liability under 42 U.S.C. § 1983." *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997). "Such immunity is qualified in that it does not obtain when otherwise immune officials violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. (internal quotation marks omitted).

---

[5] On March 3, 2011, Ms. Bress filed an Opposed Motion for Extension of Time to File Response to the Motion to Dismiss Under the Doctrine of Qualified Immunity. The motion to extend time was itself untimely in that Ms. Bress' response brief was due on February 21, 2011. Additionally, the only basis claimed was that a busy caseload prevented a timely response. The court may, for good cause, extend time on motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6 (b)(1)(B). A lawyer's busy workload does not establish excusable neglect. *Stringfellow v. Brown*, 1997 WL 8856 at *2 (10th Cir. 1997). In that Ms. Bress has demonstrated neither good cause nor excusable neglect, the Court denies the Motion for Extension of Time to File Response. To date, Ms. Bress has failed to respond to the Motion to Dismiss Under the Doctrine of Qualified Immunity, despite having over three months to do so.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, ____, 129 S.Ct. 808, 815 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a "'strict two-part test.'" *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (*quoting Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009)). "The plaintiff must establish '(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct . . . .'" *Id.* (quoting *Bowling*, 584 F.3d at 964). The Court has "the discretion to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Swanson v. Town of Mountain View*, 577 F.3d 1196, 1199 (10th Cir. 2009) (quoting *Pearson*, 129 S.Ct. at 815–16).

In Count I, Ms. Bress seeks redress, pursuant to Section 1983, based on allegations that Defendant Rivas subjected her to a wrongful arrest. "When a warrantless arrest is the subject of a § 1983 action, the arresting officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed to make the arrest." *Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1191 (10th Cir. 2007). Whether Defendant Rivas had probable cause to arrest Ms. Bress is a legal question that asks whether the "facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). The judicial "determination on this score is an independent and objective one. Thus, an officer's own subjective reason for the arrest is irrelevant, and it does not matter whether the arrestee was later charged with a crime." *Fogarty v.*

6

*Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008).  Thus, in order to establish a claim for wrongful arrest, Ms. Bress must allege facts that would support a finding that she was arrested without probable cause.

In Count II, Ms. Bress alleges that Defendant Rivas subjected her to malicious prosecution and seeks recovery under Section 1983.  Under Tenth Circuit law, "a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008) (*citing Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007)).  The burden rests on the plaintiff to show the absence of probable cause for instituting the charges.  *Patton v. Guyer*, 443 F.2d 79, 85 (10th Cir.1971).  Thus, both Counts I and II require Ms. Bress to show that she was arrested without probable cause.  When read in the light most favorable to Ms. Bress, the factual allegations of the Complaint foreclose such a showing.

The facts alleged in the Complaint demonstrate that Deputy Rivas had probable cause to arrest Ms. Bress.  Specifically, the Complaint alleges that Mr. Candelaria informed Deputy Rivas that Ms. Bress and Mr. Candelaria were arguing over children living in the residence; and Ms. Bress wanted to kick Mr. Candelaria's son out of the home. (Compl. ¶ 8).  Mr. Candelaria additionally stated that, while they were in bed, Ms. Bress slapped Mr. Candelaria's face and threw wine on Mr. Candelaria. (Compl. ¶ 9).  Deputy Rivas observed wine stains on Mr. Candelaria's torso and on the bed. (Compl. ¶ 10).  Deputy Rivas questioned Ms. Bress, but she "feared additional injuries, and possibly death, if she continued to make accusations" against Mr. Candelaria. (Compl. ¶ 12).  This allegation creates the inference that Ms. Bress did not tell Deputy Rivas that Mr. Candelaria

allegedly had hit her.

Deputy Rivas interviewed Jacqueline Chavez and fifteen-year-old Breana Chavez at the scene, but neither had witnessed the fight. (Compl. ¶ 15). However, Breana Chavez was extremely upset and crying, which contributed to the calculus that a domestic disturbance had occurred. (Compl. ¶ 15). Based on the facts alleged in the Complaint, a reasonable law enforcement official would conclude that Ms. Bress had battered Mr. Candelaria, and not the other way around. Under these circumstances, Deputy Rivas had probable cause to arrest Ms. Bress and charge her with battery on a household member. Because there was probable cause for the arrest and charging decision, they were not violative of the Fourth Amendment.

In that the factual allegations contained in the Complaint, when construed in the light most favorable to Ms. Bress, establish probable cause for her arrest, Ms. Bress is unable to satisfy the first prong of the qualified immunity analysis. *See Pearson*, 129 S.Ct. at 815–16; *Swanson*, 577 F.3d at 1199. The presence of probable cause for the arrest entitles Deputy Rivas to qualified immunity from the federal constitutional claims against him in both Counts I and II. Accordingly, the Motion to Dismiss Under the Doctrine of Qualified Immunity will be granted with respect to these claims.

**B.     Count IV fails to state a claim against Deputy Rivas.**

Count IV asserts claims for trespass, false arrest, and false imprisonment under New Mexico law, and unreasonable search and seizure, in violation of the New Mexico Constitution. Deputy Rivas has moved to dismiss Count IV under Rule 12(b)(6).

The claims of false arrest, false imprisonment, and unreasonable search and seizure presuppose that Deputy Rivas did not have probable cause to arrest Ms. Bress. *Dickson v. City of Clovis*, 148 N.M. 831, 837, 242 P.3d 398, 404 (Ct. App. 2010) (*citing Santillo v. N.M. Dept. of Publ. Safety*, 143 N.M. 84, 88, 173 P.3d 6, 10 (Ct. App. 2007)). The Court has found that probable cause

supported the arrest. A search incident to the arrest would have been valid. As a result, Ms. Bress has failed to state a claim for false arrest, and false imprisonment under New Mexico law, and unreasonable search and seizure in violation of the New Mexico Constitution.

The claim for trespass is not a tort for which immunity has been waived by the NMTCA. *See* §§ 41-4-5 to -12. *Townsend v. State ex rel. State Highway Dept.*, 117 N.M. 302, 304, 871 P.2d 958, 960 (1994). Moreover, Ms. Bress alleged, in the Complaint, that Deputy Rivas was dispatched to 726 Arenal Road SW in response to Ms. Bress' 911 call. (Compl. ¶¶ 5-6). Thus, the factual allegations of the Complaint establish that Deputy Rivas was lawfully authorized to be on the property. Ms. Bress has failed to state a valid claim for the trespass. The Motion to Dismiss will be granted, as to Count IV.

### C.   Rule 11 sanctions will not be imposed at this time.

Deputy Rivas seeks Rule 11 sanctions on the basis that Plaintiff's Response to Defendant Rivas' Motion to Dismiss and Motion to Convert Defendant Rivas' Motion to Dismiss into a Motion for Summary Judgment were frivolous and filed for an improper purpose. In these documents, Plaintiff's counsel advocated for application of the summary judgment standard to the motion to dismiss and advanced a hodge-podge of virtually incoherent legal arguments.

Rule 11 provides, in pertinent part, that anyone who signs a pleading or other court document certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims therein are: (1) warranted by existing law or by a non-frivolous argument for new or modified law; and (2) supported by evidence, or likely to be supported by evidence, after discovery and investigation. Fed. R. Civ. P. 11(b).

It bears underscoring that the ultimate goal of Rule 11 sanctions is "deterrence, rather than compensation." *Hutchinson v. Pfeil,* 208 F.3d 1180, 1183 (10th Cir. 2000). As a result, Rule 11

'de-emphasizes monetary sanctions and discourages direct payouts to the opposing party.'" *Id.* Therefore, "the amount of sanctions is appropriate only when it is the minimum that will serve to adequately deter the undesirable behavior." *Dodd Ins. Servs., Inc. v. Royal Ins. Co.*, 935 F.2d 1152, 1159 (10th Cir. 1991) (quotation omitted).

Essentially, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs.*, 935 F.2d at 1155 (*citing White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990); *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)). "A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *White*, 908 F.2d at 680.

Based on the objective circumstances of this case, a Rule 11 violation has not occurred. At the same time, the Court is concerned that the response and motion at issue reflect a fundamental lack of understanding of the Federal Rules of Civil Procedure. It is especially troubling that Plaintiff suggests that Defendants buy her a current copy of the Rules of Civil Procedure. Counsel has a duty to research the current law. Since counsel is located in Albuquerque, New Mexico, this duty could be easily satisfied, free of charge, by a visit to the University of New Mexico Law Library. Nevertheless, the Court's website indicates that Plaintiff's counsel was only recently admitted to practice in federal court, on October 20, 2010. In that the filings resulted from inattention to, or lack of familiarity with federal law, generally, and the Rules of Civil Procedure specifically, the Court

does not find that Plaintiff's advocacy amounts to sanctionable behavior. Accordingly, Defendant Rivas' request for Rule 11 sanctions is denied. Plaintiff is admonished, however, to carefully follow all procedural rules and research the current state of the law in future matters. Any future, similar pleadings will be subject to heightened scrutiny. Counsel would do well not to expect such gracious treatment from the Court again.

### IV. Conclusion.

Defendant Rivas is granted qualified immunity with respect to both Counts I and II. Count III has been dismissed without prejudice. Count IV is dismissed for failure to state a claim. Plaintiff's conduct was not violative of Rule 11.

**THEREFORE,**

**IT IS ORDERED** that Defendant Rivas' Motion to Dismiss Counts IV and V (Doc. 11), filed on January 18, 2011; and Defendant Rivas' Motion to Dismiss Under the Doctrine of Qualified Immunity (Doc. 20), filed on February 5, 2011, are **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Convert Defendant Rivas' Motion to Dismiss into a Motion for Summary Judgment (Doc. 18), filed on February 2, 2011; Defendant Rivas' Motion for Rule 11 Sanctions (Doc. 34), filed on March 3, 2011; and Plaintiff's Opposed Motion for Extension of Time to File Response (Doc. 35), filed on March 3, 2011, are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**